## M. C. ROWLAND *v.* BUFORD & CO., ET AL.

**Contracts—Consideration.**

A contract sued upon, where a party did not bind herself to pay anything more than she was already legally bound to pay, but in which she secured the advantage of having her votes canceled and the land finally subjected to the payment of another's judgment, was held to be supported by a sufficient consideration.

### APPEAL FROM WOODFORD CIRCUIT COURT.

June 22, 1877.

OPINION BY JUDGE LINDSAY:

McClure had not only attached the tract of land conveyed by W H. Rowland to the appellant, but had also summoned her as a gar-

33

nishee and attached in her hands the sum of $7,500 which she had agreed to pay for the land. He certainly had his election to abandon his charge of fraud and enforce the payment of so much of seventy-five hundred dollars as would satisfy his judgment against W. H. Rowland. In this state of case the contract sued on was entered into. The appellant did not bind herself to pay one cent more than she was already legally bound to pay, and she secured the advantage of having her notes cancelled or extinguished and the land finally subjected to the payment of McClure's judgment. The contract is, therefore, supported by a sufficient consideration.

It seems that appellant signed the contract without reading it. This was negligence on her part, and is not a ground upon which the chancellor can base an interference in her behalf. The appellees were guilty of no fraud, and the contract imposed upon the appellant no additional liability. She may not have understood it, but it was within her power to acquaint herself with its contents, and also to consult attorneys as to its legal effect.

The judgment of the court below must be *affirmed*.

*H. C. McLeod, Lindsay, for appellant.*

*R. A. Beckner, H. M. Buford, for appellees.*